UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LISA BURTON-BROWN,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-392

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND; (3) TERMINATING THIS CASE ON THE COURT'S DOCKET.**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 7),[1] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of March 16, 2013. PageID 42. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative joint disease, degenerative disc disease, and depression. PageID 44.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory Kenyon on May 3, 2016. PageID 58-95. The ALJ issued a written decision on July 27, 2016 finding Plaintiff not disabled. PageID 61-74. Specifically, the ALJ found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of sedentary work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 45-51.

Thereafter, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making his non-disability finding the final administrative decision of the Commissioner. PageID 31-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 41-52), Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46

---

[2] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

Plaintiff argues that the ALJ erred in (1) weighing the opinions of the state agency's consultants; and (2) weighing the opinion of Plaintiff's treatment providers. PageID 1111. Agreeing with Plaintiff's first assignment of error, the undersigned does not reach Plaintiff's second argument, but instead directs the ALJ to consider the issue on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record includes the opinion of the state agency's reviewing psychologist, Katherine Myers, Psy.D. PageID 552-57. Dr. Myers concluded that Plaintiff "is likely to have some difficulties with job related tasks[,]" is "likely to show a pattern of periods of time away from work[,]" and that "her stress tolerance appears poor." PageID 556-57. Finding Dr. Myers's opinion was based on an "uncritical acceptance of the claimant's subjective reports," the ALJ afforded Dr. Myers's opinion "less weight." PageID 49. The undersigned finds multiple errors in the ALJ's weighing of Dr. Myers's opinion.

First, "a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989). Dr. Myers admittedly based her opinion -- regarding Plaintiff's ability to respond to work pressures -- on Plaintiff's "self-reported history." PageID 557. Contrary to the ALJ's assertion, however, *see* PageID 49, this does not provide sufficient grounds to discount the *entirety* of Dr. Myers's opinion, nor this specific portion of it. *Id.* (finding "the report of a psychiatrist should not be rejected simply because of… the absence of substantial documentation"). But even assuming, *arguendo,* that this is a valid critique, the ALJ nevertheless erred in failing to consider the objective medical evidence supportive of Dr. Myers's opinion. *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)) (finding an "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"). Most notably, Dr. Myers documented that Plaintiff "does not appear to have adequate social supports in place to effectively cope with additional stressors"; that Plaintiff was "fleetingly able to concentrate on questions and tasks"; and that she "appeared depressed with congruent affect." PageID 553-55.

Second, these objective findings also support Dr. Myers's opinion regarding Plaintiff's absenteeism, which the ALJ entirely omits from his discussion. The ALJ gives a reason for not accepting Dr. Myers's opinions only on Plaintiff's attention, concentration, and stress tolerance. *Silva v. Colvin*, 203 F. Supp. 3d 1153, 1163 (D. N.M. 2016) ("The regulations do not permit an ALJ to discuss only [a] portion of the doctor's opinion"). However, the ALJ "must articulate, at some minimum level, his [or her] analysis of the evidence to allow the appellate court to trace the path of [the ALJ's] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Hurst v. Sec'y of Health & Human Serv's.*, 753 F.2d 517, 519 (6th Cir. 1985) ("It is more than merely helpful for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review"). This error is not harmless given the Vocational Expert's ("VE") testimony at the hearing that, if Plaintiff were absent for even two days a month, she would not be able to sustain employment, *i.e.*, she would be disabled. PageID 91-92.

The ALJ similarly erred in weighing the opinions of record reviewing psychologists Karen Terry, Ph.D., and Irma Johnston, Psy. D. PageID 97- 134. Drs. Terry and Johnston both opined that, due to her mental impairments, Plaintiff should be limited to a work environment with "relaxed production demands." PageID 110, 129-31. Despite affording these opinions "great weight," the ALJ neglected to account for this limitation in his RFC. PageID 49. Rather, without expounding upon the departure from these credited opinions, the ALJ limited Plaintiff to "no fast-paced production work or jobs which involve strict production quotas." PageID 45.

The ALJ's omission, in this regard, constitutes error. *See Howard v. Comm'r of Soc. Sec.*, No. 3:14-cv-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015) ("[T]he ALJ must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably"); *Hann v.*

*Colvin*, No. 12-cv-06234-JCS, 2014 U.S. Dist. LEXIS 42619, at *22 (N.D. Cal. Mar. 28, 2014) (holding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"). The ALJ's error here is not harmless because the VE testified at the hearing that an employee with the limitation identified by Drs. Terry and Johnston's -- *i.e.,* "relaxed production demands" -- would likely need an accommodation that is not "typically afforded to workers at these types of [unskilled] jobs." PageID 92-93. An employee with the ALJ's limitation -- *i.e.,* "no fast-paced production" -- however, would not. *Id.*

Based on all of the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed. *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions").

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter be

**REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: April 9, 2019  s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge